UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KONRAD PATRZALEK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-24-1180-SLP |
| | ) |
| **UNITED ARAB EMIRATES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff's Complaint against 64 government entities, organizations, and individuals alleges First Amendment violations, slander, plagiarism, privacy invasion, cyberbullying, and various other claims. Doc. 1. Plaintiff seeks leave to proceed with his suit without prepaying fees or costs ("Motion"). Doc. 2. United States District Judge Scott L. Palk referred this Motion to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Having reviewed the Motion, the undersigned recommends that the Court deny Plaintiff's Motion to proceed in forma pauperis ("IFP").

**I.  Analysis**

Courts have discretion in deciding whether to grant a civil litigant permission to proceed IFP. 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). "[T]o succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and

facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Courts may consider "whether the complaint is frivolous or malicious" and "the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002).

Plaintiff has failed to show a financial inability to pay the $405.00 filing fee. He attests that he has not had any income in the past twelve months, and that he "used the last of [his] earnings." Motion at 1. Plaintiff lists monthly expenses totaling approximately $1,440.00, and he reports approximately $14,000.00 in credit card debt. *Id.* at 2. Most notably, however, Plaintiff has significant assets:

- approximately $190,000.00 in equity in his home (that he values at $250,000.00), and

- approximately $25,000.00 in equity in his vehicle (that he values at $50,000.00).[1]

*Id.* Plaintiff also has $400.00 in a checking or savings account. *Id.* He does not have any dependents. *Id.*

"Federal courts have historically looked to assets, such as equity in real estate, in determining eligibility to proceed in forma pauperis." *Azzun v. Kansas Dep't of Health & Env't*, No. 09-4144-SAC, 2009 WL 5171778, at *2 (D. Kan. Dec. 22, 2009). Here, "Plaintiff's significant assets weigh against his qualification to proceed in forma pauperis." *Gonzales v. Berryhill*, No. CIV-17-763-BMJ, 2017 WL 3842064, at *1 (W.D. Okla.

---

[1] In the Motion, the value of Plaintiff's car is difficult to read—it is valued as either $50,000.00 or $60,000.00. If the car's value is $60,000.00, then Plaintiff has approximately $35,000.00 in equity.

July 28, 2017) (R&R), *adopted*, 2017 WL 3841884 (W.D. Okla. Sept. 1, 2017). Despite Plaintiff's reported unemployment and exhaustion of prior earnings, he has $215,000.00 in equity in his home and car, in addition to $400.00 in a bank account.

Courts have denied IFP status when a plaintiff has considerable equity in a home or vehicle, even when the plaintiff's expenses exceed his monthly income and funds in a bank account. *See, e.g.*, *id.* at *1 (denying IFP status for an applicant with equity in five vehicles totaling $40,400.00 and $300.00 in a bank account, even though his monthly expenses exceeded monthly income by approximately $1,500.00); *Mann v. City of Moss Point*, No. 1:14CV237-KS-MTP, 2014 WL 4794544, at *2 (S.D. Miss. Sept. 25, 2014) (denying IFP status after considering an applicant's two vehicles, valued at a combined $10,500.00, where monthly expenses exceeded his monthly income); *Baldwin v. City of Osawatomie*, No. 07-1097-WEB, 2007 WL 1652145, at *1-*2 (D. Kan. June 7, 2007) (denying a motion to proceed IFP in part because applicant had $150,000.00 in equity in his home); *Scherer v. City of Merriam*, No. CIV. A. 01-2092-KHV, 2001 WL 395197, at *1 (D. Kan. Apr. 10, 2001) (denying request to proceed IFP because, inter alia, applicant had $44,000.00 of equity in his home); *Ireland v. Reliance Standard Life Ins. Co.*, No. C 97-0563 TEH, 1997 WL 85008, at *1 (N.D. Cal. Feb. 21, 1997) (denying IFP status despite plaintiff's unemployment and no money in a bank account, when she had $60,000.00 of equity in her home).[2]

---

[2] The undersigned also reviewed the Complaint for any "reasoned, nonfrivolous argument on the law and facts in support of the issues raised." *Lister*, 408 F.3d at 1312. Given the nature of Plaintiff's claims and factual allegations in support, the undersigned finds this

After carefully considering the relevant factors, the undersigned finds that Plaintiff does not qualify to proceed IFP.

## I.     Recommendation and Notice of Right to Object

The undersigned recommends that the Court **DENY** Plaintiff's Motion, Doc. 2, and order him to prepay the full $405.00 filing fee for this action to proceed.  28 U.S.C. § 1915(a)(1).  The undersigned further recommends the Court dismiss this action without prejudice to refiling unless Plaintiff pays the $405.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation.

Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of this Court by December 13, 2024.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 22nd day of November, 2024.

*[Signature: Chris M. Stephens]*
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

---

consideration also weighs against Plaintiff's request to proceed IFP.  However, a review of Plaintiff's financial circumstances alone is sufficient to deny the request to proceed IFP.