#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KONRAD PATRZALEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-1180-SLP |
| ) | |
| UNITED ARAB EMIRATES, et al., ) | |
| ) | |
| Defendants. ) | |

### **O R D E R**

This matter is before the Court pursuant to its prior Order [Doc. No. 5] adopting the Report and Recommendation (R&R) of United States Magistrate Judge Chris M. Stephens [Doc. No. 4], which recommended denial of Plaintiff's Application for Leave to Proceed in Forma Pauperis (i.e., without prepaying fees or costs) [Doc. No. 2]. The Court ordered Plaintiff to pay the $405.00 filing fee on or before January 6, 2024. *See* [Doc. No. 5]. To date, Plaintiff has failed to pay the filing fee.

Plaintiff filed an Objection to the R&R [Doc. No. 6] on December 30, 2024—seventeen days after the December 13, 2024 deadline for an objection. *See* R&R [Doc. No. 4] at 4. Plaintiff's objection is untimely, and he therefore waived any objections to the R&R.[1]  *See United States v. One Parcel of Real Property, Known As: 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *Casanova v. Ulibarri*, 595 F.3d 1120,

---

[1] Plaintiff's Objection is also not signed in compliance with Federal Rule of Civil Procedure 11(a).

1123 (10th Cir. 2010) ("failure to make timely objection . . . waives appellate review of both factual and legal questions." (internal quotation marks and citation omitted)).

The waiver rule does not apply, however, if: "(1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or (2) when the interests of justice require review." *Morales–Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (cleaned up). The first exception is inapplicable because the Magistrate Judge advised Plaintiff of the December 13 deadline for an objection and that failure to object would waive his right to review of the factual and legal issues addressed in the R&R. *See* [Doc. No. 4] at 4.[2] Accordingly, the Court considers the interests of justice exception, which implicates "such factors as a pro se litigant's effort to comply, the force and plausibility of his explanation for not complying and the importance of the issues raised." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015).

Upon review of the record, the Court finds the interests of justice do not warrant exception to the firm waiver rule. Plaintiff makes no effort to explain his efforts to timely file an objection, or any impediments thereto, nor does he request an extension of time to object. *See* [Doc. No. 6]; *see also Nagim v. Irving*, 427 F. App'x 663, 665 (10th Cir. 2011) (finding the interests of justice exception did not apply because, among other reasons, the plaintiffs "made no apparent attempt to comply with the filing deadline to file objections, and offer[ed] no explanation for their failure to do so."). Moreover, the Court finds the

---

[2] The Court's docket reflects that the R&R and the Court's Order [Doc. No. 5] were mailed to Plaintiff's address of record, and he does not contend he did not receive them.

issues raised in this action do not weigh in favor of applying the interests of justice exception.[3]

As such, the Court finds no exception to the waiver rule applies, and Plaintiff has not properly objected to the R&R.[4] Accordingly, this action is subject to dismissal for failure to pay the filing fee and for failure to comply with the Court's Order to pay the filing fee by January 6, 2025. *See* Fed. R. Civ. P. 41(b); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice. A separate judgment is dismissal shall be entered contemporaneously with this Order.

---

[3] The Complaint lists sixty-four Defendants, but there are no factual allegations pertaining to the vast majority of the named Defendants. *See generally* [Doc. No. 1]. The only discernable federal claims are his First Amendment claim, brought via 42 U.S.C. § 1983, and possibly another claim for violation of intellectual property rights. But Plaintiff does not include allegations regarding any particular intellectual property right, let alone what provisions of federal law are implicated. As to his constitutional claim, § 1983 is inapplicable because Plaintiff does not name any state actors, and his First Amendment claim appears to be asserted against defendants who are not governmental actors. *See* Compl. [Doc. No. 1] at 3, 10; *see also Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) (Generally, "the Free Speech Clause prohibits only *governmental* abridgment of speech. The Free Speech Clause does not prohibit *private* abridgment of speech.").

[4] In any event, the Court fully concurs with the analysis in the R&R, and nothing in the untimely Objection [Doc. No. 6] alters that conclusion. Plaintiff does not dispute he has the assets the Magistrate Judge noted were sufficient to pay the filing fee, and the Magistrate Judge appropriately considered Plaintiff's lack of employment he refers to in the objection. *See* R&R [Doc. No. 4] at 2-3. To the extent Plaintiff asserts he is unable to utilize the assets he has to pay the filing fee, he fails to offer sufficient detail as to why that is the case, or how the issues he describes regarding his employment and cryptocurrency relate to his other assets in real and personal property. *See* [Doc. No. 6].

IT IS SO ORDERED this 14th day of January, 2025.

*[Signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE